UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ELVIR MUHAREMOVIC, )
Plaintiff, )
v. ) No. 4:07 CV 1427 DDN
MICHAEL JAROMIN, )
District Director, USCIS, )
Defendant. )

**ORDER AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the court on the motion of defendant to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), or in the alternative for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 6.) Plaintiff did not file a response to the motion. The undersigned recommends sustaining the motion for the reasons set forth below.

Because the undersigned Magistrate Judge lacks the full consent of the parties to the exercise of plenary authority under 28 U.S.C. § 636 (c), the undersigned will instruct the clerk to reassign this action to a district judge.

## I. BACKGROUND

Plaintiff Elvir Muharemovic, a citizen of Bosnia and a lawfully admitted refugee since 1999, filed his “complaint for mandamus” against defendant Michael Jaromin, District Director of the United States Citizenship and Immigration Services (“USCIS”). Plaintiff seeks to compel defendant to rule upon his Form I-485, Application to Register Permanent Residence or Adjust Status, which he filed in August 2004. Plaintiff alleges he was informed by defendant that his petition could not be approved because there was a name check pending, and that the name check is still pending more than thirteen months later. (Doc. 1.)

**II. DISCUSSION**

"In order to properly dismiss [an action] for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (citing Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (citing Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir.), cert. denied, 449 U.S. 953 (1980). Here, defendant makes a facial challenge to plaintiff's complaint. Upon a facial challenge to jurisdiction, all of the factual allegations in the complaint are presumed to be true. See Titus, 4 F.3d at 593 & n.1 Accordingly, for purposes of this motion, all factual allegations in plaintiff's complaint are accepted as true.

**A. Writ of Mandamus**

Defendant asserts plaintiff cannot establish a clear and indisputable right to immediate adjudication of the application, and thus his request for a writ of mandamus must fail. (Doc. 8 at 7.) "The All Writs Act, 28 U.S.C. § 1651 (a), gives the federal courts the power to issue writs of mandamus." In re Midamerican Energy Co., 286 F.3d 483, 486 (8th Cir. 2002). Mandamus is a "drastic" remedy, only to be invoked in "extraordinary situations." In re Burns & Wilcox, Ltd., 54 F.3d 475, 477 (8th Cir. 1995), holding limited on other grounds by Quackenbush v. Allstate Ins. Co., 517 U.S. 706 (1996); In re Life Ins. Co. of North America, 857 F.2d 1190, 1192 (8th Cir. 1988). A federal court may issue a writ of mandamus only when (1) the requesting party has established a clear and indisputable right to the relief sought, (2) the defendant has a clear duty to perform the act in question, and (3) the plaintiff has no adequate alternative remedy. Castillo v. Ridge, 445 F.3d 1057, 1060 (8th Cir. 2006). Issuance of a writ is within the discretion of the district court. Id. at 1061.

Plaintiff's petition and application are still pending before the USCIS. In support of his motion, defendant submitted, inter alia, the affidavit of Chester Moyer, Field Officer Director of the St. Louis, Missouri office of USCIS. In his affidavit, Moyer attests that he

reviewed plaintiff’s adjustment-of-status application and USCIS administrative file, and that at this time, the FBI name check for plaintiff remains pending, and therefore, his adjustment-of-status application cannot be finally adjudicated until completion of his background check. (Moyer Aff. ¶ 10.) Moyer further attests that none of the circumstances that merit an expedited request, such as military deployment, age-out cases, significant and compelling reasons such as critical medical conditions, or loss of social security or other subsistence benefits, are present in plaintiff’s case. (Id. at ¶ 12.)

Based on the foregoing, the undersigned concludes that plaintiff has not met the standard for issuance of a writ of mandamus. Although plaintiff may be understandably frustrated with the amount of time the claims have been pending, the undersigned is unaware of any statutory time line for decisions on applications to USCIS. Nor has plaintiff demonstrated that there is any statutory or regulatory mandate that background checks or applications for adjustment of status be completed within any given time frame. Plaintiff’s background check must be completed before a decision can be made and plaintiff does not have a right to forgo the required background check. Therefore, plaintiff has not established that he has a clear and undisputable right to the relief sought or that the defendant has a nondiscretionary duty to honor that right. See Castillo v. Ridge, 445 F.3d 1057, 1060-61 (8th Cir. 2006) (plaintiff cannot establish clear and indisputable right to favorable adjudication of application because waiver needed for adjustment of status was within Attorney General's discretion). Also, plaintiff has not shown there is no other adequate remedy. Plaintiff is currently in the process of seeking to obtain the relief sought and the court ought not use the drastic remedy of mandamus to relieve a bureaucratic delay in the processing of an agency application.

**B. Administrative Procedure Act**

Finally, the court ought not review plaintiff’s claims pursuant to the Administrative Procedures Act (“APA”). A person suffering a legal wrong because of agency action, or who is adversely affected or aggrieved by agency action within the meaning of a relevant statute, is

entitled to judicial review thereof. 5 U.S.C. § 702. Agency action made reviewable by statute and final agency action for which there is no other adequate judicial remedy are subject to judicial review. 5 U.S.C. § 704. In this case, plaintiff's complaint cannot proceed because there is no final agency action. Thus, the court lacks subject matter jurisdiction over plaintiff's claim under the APA. See National Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1239 (11th Cir. 2003) (federal jurisdiction is lacking when agency action is not final within meaning of 5 U.S.C. § 704); Independent Petroleum Ass'n of America v. Babbitt, 235 F.3d 588, 594 (D.C. Cir. 2001) (because federal jurisdiction is lacking when agency decision is not final, the court cannot reach the merits of the action). It is true that a court may compel agency action unlawfully withheld or unreasonably delayed. However, plaintiff has not alleged any circumstances that would show USCIS has unlawfully withheld or unreasonably delayed action on his claim. In other words, the fact that a delay has been lengthy does not necessarily mean that action has been unlawfully withheld or unreasonably delayed. Therefore, the court lacks jurisdiction over plaintiff's claim under the APA.

## III. CONCLUSION

For the reasons set forth above,

**IT IS HEREBY RECOMMENDED** that the motion of defendant to dismiss (Doc. 6) be sustained and this action be dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that the Clerk of Court reassign this action to a district judge by the random selection method.

/S/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on February 19, 2008.